Bell, J.
From a great deal of conflicting and often confusingly presented evidence may be gleaned the following definite facts: (1) No offer to purchase was presented by plaintiffs to defendants during the 45-day exclusive listing period. (2) No sale was ever made to anyone for the sellers’ asking price of $65,000. (3) Plaintiffs never entered into negotiations, on behalf of any prospect, with defendants for the purchase at a lower figure. (4) Plaintiffs never brought the parties to *146 gether for a discussion of the transaction, although plaintiffs testified that they took Rogoff’s partner to the cafe on one occasion. (5) Another broker, after the expiration of the 45-day exclusive listing period, did bring the defendants and the present owners together, as a result of which the property was sold for $45,000.
The parties hereto and the trial court tried the case on the theory that the plaintiffs, in order to recover, must prove that they were the “procuring cause” of the sale to Rogoff. The trial court, at the request of plaintiffs, gave the following special instructions prior to argument:
Request No. 1: “I charge you as a matter of law that the plaintiffs are entitled to a verdict for commission even though they did not bring the owner and purchasers into personal contact or show the property to the purchasers, if you find that plaintiffs were in fact the procuring cause of the sale.” (Emphasis'added.)
Request No. 2: “I charge you as a matter of law that the procuring cause is that cause which commences a series of events without break in their continuity, which results in the accomplishment of the principal object of the employment.
“If you find that plaintiffs were a procuring cause which commenced the series of events without break in their continuity and which resulted in the accomplishment of the principal object of employment, which was the sale of the restaurant, then plaintiffs are entitled to a verdict, insofar as that issue is concerned.”
And in its general charge, the court said:
“It is incumbent upon the plaintiffs to prove by preponderance of the evidence that they were the procuring cause, as defined for you in the written instructions requested before argument, and given by the court, that they were the procuring cause of the buyers and the seller getting together in the transaction which is alleged to have been consummated either in November or on the first of December 1951 * * *.”
The contract involved here clearly obligates the defendants to pay a commission to plaintiffs if the property was sold during the 45-day exclusive listing period, whether sold by plain *147 tiffs, the owners, another broker or anyone else. The controversy arises over the residual rights of plaintiffs if the property was sold within six months after that period “either directly or indirectly to buyer procured by broker.” And the resolution of that controversy hinges on the meaning of the word, “procured.”
It is arguable, of course, that “procured,” as used in this clause, may reasonably be construed to mean something less than “procuring cause.” However, the word, as defined in the dictionaries, carries with it the implication of “cause.” Thus in the New Oentury Dictionary, “procure” is defined as “to bring about, produce or cause.” In Webster’s New International Dictionary (2 Ed.), it is defined as “to prevail upon by persuasion; to induce.” And in the Oxford English Dictionary, it is defined as “to endeavor to cause or bring about.”
Thus, it appears to us more reasonable to interpret the word as meaning “procuring cause.” Even if the use of the word creates some ambiguity, the usual rule of construction would require us to construe it most strongly against the plaintiffs who prepared the contract in which it is used. We therefore conclude that, under the provision of the contract, plaintiffs must have been the “procuring cause” of the sale in order to be entitled to a commission on the sale.
Having reached this conclusion, we believe the case is controlled by the decision of this court in Bauman v. Worley, 166 Ohio St., 471, 143 N. E. (2d), 820. The definite undisputed facts bring the present case within the rule as stated in the third paragraph of the syllabus of the Bauman case, which reads:
“In most instances, the question of whether a real estate broker was the ‘procuring cause’ of a sale is one of fact, but where it is undisputed that the owner of the property at the broker’s solicitation quoted the latter a definite selling price, that the broker did not induce a sale at such price or, on behalf of his prospect, enter into negotiations with the owner for the purchase of the property at a lower figure, and that the broker failed to bring the parties together for a discussion of the transaction, whereby a mutually satisfactory price might be agreed upon, the elements constituting ‘ procuring cause ’ are lacking as *148 a matter of law, and the broker may not successfully claim a commission for an independent sale at a later date of the property to his prospect by the owner for a substantially lower amount than that quoted the broker.”
The present case is, perhaps, even stronger on the facts than was the Bauman case where the broker actually showed the premises to a prospect and where the sale was later made by the owner himself to that prospect, without the services of that broker or any other. In the present case, there is considerable doubt that the plaintiffs did anything other than place four advertisements in a Cleveland newspaper and mention to the defendants that they were trying “to interest them [Rogoff and his partner] in the place.” Furthermore, we have no attempt on the part of the owners here to avoid paying a commission, as did the owner in the Bauman case, because the buyers were actually procured by another broker to whom a full commission was paid.
For the reasons stated, the trial court should have sustained defendants’ motion for judgment notwithstanding the verdict. The judgment is, therefore, reversed and the cause remanded to the Court of Common Pleas of Cuyahoga County with instructions to enter final judgment for the defendants.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias and Herbert, JJ., concur.